| | |
|---|---|
| Denise Hayden, | Case No.: 2:20-cv-00731 |
| Plaintiff, | |
| v. | |
| Magnolia Plantation Corporation, | **ORDER AND OPINION** |
| Defendant. | |

This matter is before the Court on Defendant Magnolia Plantation Corporation's Notice of Removal. (Dkt. No. 1). Because the Court lacks subject matter jurisdiction, this action is remanded to Charleston County.

## I.    Background

Plaintiff Denise Hayden filed this case in the Charleston County Court of Common Pleas on January 10, 2020. (Dkt. No. 1-1 at 2). Plaintiff alleges she was employed by Defendant but fired after she refused to "add hours to an illegal aliens' wife to compensate the work performed by the illegal alien." (*Id.* at 3). Plaintiff alleges one cause of action, "wrongful discharge in violation of public policy," but states the wrongful termination "violates South Carolina and United States laws." (*Id.* at 4). Defendant removed on February 14, 2020 citing this language and stating Plaintiff's complaint raised a "substantial federal question." (Dkt. No. 1 at ¶ 5).

The Court issued a text order requiring Plaintiff to state the "specific federal legal basis, if any," she in-fact relied upon in her Complaint. (Dkt. No. 4). Plaintiff responded that she did not rely on a federal legal basis: "The Plaintiff has only one state-law cause of action (*Wrongful Termination in Violation of Public Policy of South Carolina*) and does not allege any Federal causes of action. Paragraph 13 of the complaint includes a scrivener's error, which was not intended to include any reference to 'US Laws' . . . ." (Dkt. No. 7). Plaintiff explained that to

1

prove her case, though, Plaintiff will refer to 8 USC § 1324a, which makes it "unlawful for a person or entity after hiring an alien for employment in accordance with paragraph (1), to continue to employ the alien in the United States knowing the alien is (or has become) an unauthorized alien with respect to such employment." (*Id.* at 2). Plaintiff also stated her intention to rely on specific state laws such as South Carolina Code § 41-8-70, which prohibits "intentional misrepresentations under the Illegal Aliens and Private Employment Chapter of the Labor and Employment Title of the SC Code of Laws." (*Id.*). In sum, Plaintiff claims she was terminated in violation of public policy because she refused to violate state and federal laws.

## II.    **Legal Standard**

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Strawn*, 530 F.3d at 296 (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (citations omitted). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *In re Blackwater Sec. Consulting*, LLC, 460 F.3d 576, 583 (4th Cir. 2006).

Importantly, in "the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (citing 28 U.S.C. § 1447(c)). "[B]ecause the lack of subject matter jurisdiction may be noticed by the district

court *sua sponte* or by any party, the court may enter a remand order *sua sponte*." *Id.* (internal citations omitted).

## III.    Discussion

Because this Court lacks federal question jurisdiction over Plaintiff's state law cause of action for wrongful discharge, this case is subject to *sua sponte* remand.

Federal question jurisdiction exists if Plaintiff's cause of action is created by federal law, or in exceptional cases "if the plaintiff's right to relief necessarily depends on a substantial question of federal law." *Hinton v. New Hope Housing, Inc.*, No. 1:11cv906, 2011 WL 5196508, at *2 (E.D. Va. Oct. 31, 2011); *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (noting the second pathway to federal jurisdiction is "exemplary" and a "special and small category"). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Hinton*, 2011 WL 5196508, at *2 (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d at 811, 816 (4th Cir. 2004)). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Plaintiff's claim for relief is created solely by the laws of South Carolina. The federal statute which Plaintiff was allegedly required to violate, 8 U.S.C § 1324a, does not create a private cause of action. *Compare* 8 U.S.C. § 1324a (no private right of action) *with* 8 U.S.C. § 1324b (administrative right of action for individuals discriminated on basis of national origin or citizenship status); *see also Arres v. IMI Cornelius Remcor, Inc.*, 333 F.3d 812 (7th Cir. 2003) (noting § 1324a creates no private right of action); *Tiengkham v. Electronic Data Sys. Corp.*, 551

F. Supp. 2d 861, 871 (S.D. Iowa 2008) (no federal question jurisdiction where termination in violation of public policy was based on § 1324a). Therefore, federal question jurisdiction only lies if Plaintiff's "right to relief necessarily depends on a substantial question of federal law." *Hinton*, 2011 WL 5196508, at *2. It does not.

First, because Plaintiff relies on the fact she was asked to violate both federal *and* state law as a condition of her continued employment, (Dkt. No. 7), Plaintiff's claim "does not *necessarily* require[e] the resolution of a substantial federal issue." *Hinton*, 2011 WL 5196508, at *2 (no federal question jurisdiction where Plaintiff relied on both federal and state laws in wrongful termination suit). Second, mere mention of a federal law does not equate to an attempt to state a cause of action under that law. *Id.* at *2 (finding no federal question on similar facts noting that "Plaintiff also references Title VII in his [termination in] breach of public policy claim. The Court does not, however, read the claim as attempting to state a cause of action under Title VII, but rather invoking Title VII as a source of public policy supporting the claim"); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345–47 (9th Cir.1996) (remanding case where plaintiff relied on Title VII in part to establish public policy against employment discrimination on basis of religious belief); *Peele v. Enter. Leasing Co. of Norfolk/Richmond*, 979 F. Supp. 1069, 1071–73 (E.D. Va. 1997) (remanding case where plaintiff cited federal and state law to establish public policy in support of wrongful termination claim); *see also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814 (1986) (noting that "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is" strong evidence "that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction").

Lastly, these facts do not present a *substantial* federal question though they hinge, to some degree, on a "federal issue" – namely 8 USC § 1324a. *Varco v. Tyco Elecs. Corp.*, No. 08-1215, 2009 WL 728571, at \*5 (D. Md. Mar. 16, 2009) (remanding wrongful termination claim that necessarily hinged on resolution of a federal issue, namely defendant requiring plaintiff to violate federal law). By way of example, in *Grable*, the Supreme Court found federal jurisdiction amongst non-diverse parties in a quite title action which had been removed to federal court. 545 U.S. at 310. *Grable* hinged on whether the actions of a federal agency—the Internal Revenue Service—conformed to the language of a particular federal statute. *Id.* at 311 ("Grable's state complaint must specify 'the facts establishing the superiority of [its] claim,' and Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law") (internal citation omitted). At issue in *Grable* were not only whether the IRS gave Grable notice within the meaning of a federal statute, but the very meaning of the federal statute itself. *Id.* The essential questions in *Grable* were "important issue[s] of federal law that sensibly belong[] in a federal court." *Id.* (noting the Government's "strong interest in the 'prompt and certain collection of delinquent taxes'" and the public's need for "clear terms of notice to allow buyers . . . to satisfy themselves that the [IRS] has touched the bases necessary for good title"); *Empire Healthchoice Assur.*, 547 U.S. at 700 (noting *Grable* presented a "nearly pure issue of law" that "could be settled once and for all and thereafter would govern numerous tax sale cases") (internal quotation marks omitted). In this matter, by contrast, the "federal issue . . . lacks any . . . significance other than being a . . . disputed element in Plaintiff's state law wrongful discharge claim." *Varco*, 2009 WL 728571 at \*4.

Even assuming that the issue of whether Defendant's violation of 8 USC § 1324a was "substantial," remand is appropriate because a wrongful discharge claim is "fundamentally a

state common law cause of action," the areas of employment law addressed in federal courts have been specifically delineated by Congress (and do not include Plaintiff's claim), and hearing an action such as Plaintiff's would upset the "sound division of labor" which Congress incorporated into the language and application of 28 USC § 1331. *Tyco*, 2009 WL 728571, at *6-7 (citing *Grable*, 545 U.S. at 553).

## IV.     Conclusion

For the reasons set forth above, this matter is **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to Charleston County.

**AND IT IS SO ORDERED.**

_____

Richard Mark Gergel
United States District Court Judge

~~February~~ March e, 2020
Charleston, South Carolina